993 F.2d 885
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph CARBAJAL, Jr., Defendant-Appellant.
 No. 92-50340.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1993.*
Decided May 13, 1993.
 
 Before KOZINSKI, SUHRHEINRICH,** and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Joseph Carbajal appeals his jury conviction for armed bank robbery and carrying a firearm during a crime of violence, in violation of 18 U.S.C. §§ 2113(a)(d) and 924(c)(1). In Carbajal's prior appeal, this court reversed the district court's denial of his motion to suppress evidence found at the residence of his girlfriend Kathleen Pyne, and remanded the case to the district court to make findings regarding whether Pyne had voluntarily consented to the search of her house. See United States v. Carbajal, 956 F.2d 924 (9th Cir.1992). On remand, the district court found that Pyne had voluntarily consented to the search. We have jurisdiction to consider Carbajal's timely appeal pursuant to 28 U.S.C. § 1291, and affirm.
 
 DISCUSSION
 
 3
 In keeping with the Fourth Amendment's strong preference for search warrants, the burden is on the Government to show that the warrantless search was reasonable and came within one of the narrow exceptions to the warrant requirements. Id. at 930. One such exception is a search conducted pursuant to the valid consent of a person in control of the premises. United States v. Kaplan, 895 F.2d 618, 622 (9th Cir.1990).
 
 
 4
 The only issue in the present case is whether Pyne voluntarily consented to the warrantless search of her residence. "The government has the burden of demonstrating that consent to a warrantless search was voluntary. Voluntariness is a question of fact to be determined from all the surrounding circumstances." Id.; see Schneckloth v. Bustamonte, 412 U.S. 218, 227, 248-49 (1973). "A trial court's finding on voluntariness should not be overturned unless it is clearly erroneous." Kaplan, 895 F.2d at 622. "On appeal the evidence must be viewed in the light most favorable to the fact-finder's decision." United States v. Castillo, 866 F.2d 1071, 1082 (9th Cir.1988).
 
 
 5
 In accordance with the remand, the district court set a hearing on May 8, 1992, for a filing and spreading of the mandate and for further briefing and argument of counsel on the subject of the voluntariness of Pyne's consent. In its Amended Findings of Fact dated May 11, 1992, the district court found that Pyne voluntarily consented to the search of her residence based on the following factual findings: (1) when Pyne was asked by Sergeant Addington for permission to search the premises she stated, "Yea, go ahead and look anywhere you want;" (2) she was told by Sergeant Addington that she was not required to give her consent; (3) she agreed to give the officers written consent at the time of the search but did not do so because the officers did not have the proper forms with them; (4) at the police station she signed a written consent form which clearly indicated the search was for real estate; and (5) she later signed another consent form inadvertently given to her by another officer, knowing it pertained to her residence.
 
 
 6
 The court found Pyne's testimony that her consent was coerced to be untruthful. Specifically, the court found that (1) there was no evidence of oppressive coercion on the part of the officers; (2) that Pyne's testimony about the harsh manner in which the police treated her was not true; and (3) that although the police initially had their guns drawn to effectuate Carbajal's arrest, they did not continuously scream profanity at Pyne or force her to sign written consents against her will. The court found the testimony of Sergeant Addington, which directly contradicted Pyne's testimony, to be truthful. The court's credibility findings were based on the following factors: (1) Pyne had a strong motive to lie because she had been Carbajal's girlfriend for ten months and was bearing his child; and (2) Pyne's demeanor on the stand showed she was an excitable, biased witness who was unbelievable.
 
 
 7
 Carbajal argues the district court's decision that Pyne voluntarily consented is erroneous because it is inconsistent with the court's other factual findings indicating she was coerced. Specifically, he cites four findings: (1) that the officers used force upon Carbajal to effectuate his arrest; (2) that the officers had their guns drawn and pointed at Carbajal and Pyne; (3) that Pyne's children were present at the scene; and (4) that the officers failed to tell Pyne they could obtain a search warrant if she did not give consent.
 
 
 8
 As to the first finding cited by Carbajal, he does not show how the officers' use of force against him related to Pyne. As to the second finding, although drawn guns can be a factor weighing in favor of coercion, United States v. Al-Azzawy, 784 F.2d 890, 895 (9th Cir.1985), cert. denied, 476 U.S. 1144 (1986), no single factor is dispositive, Castillo, 866 F.2d at 1082. Because of the district court's other factual findings which weigh heavily in favor of voluntariness, the presence of drawn guns alone is not sufficient to overturn the court's ultimate decision. As to the third finding, there is no indication that the presence of the children affected the voluntariness of Pyne's consent. The court did not believe her story that the police pointed a gun at her head while she laid on the ground with her children beneath her. And, as to the fourth finding, there is nothing coercive about the fact that the officers did not tell Pyne they could obtain a search warrant if she did not give consent.
 
 
 9
 In view of the district court's findings of fact which "must be viewed in the light most favorable to the fact-finder's decision," Castillo, 866 F.2d at 1082, we cannot say it clearly erred in concluding Pyne voluntarily consented to the search of her residence.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Richard F. Suhrheinrich, United States Circuit Judge for the Sixth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3